UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ESTATE of LaTEEF J. DOTSON *through* : 
DIANE C DOUGLAS *estate administrator* : 
*and individually*, and RASHAR DIXON, : 
    Plaintiffs, : 
     : 
    v. :   No. 5:23-cv-4072
     : 
GARY W. GRAY TRUCKING INC. : 
and BRANDON R LOYLE, : 
    Defendants. : 

**O P I N I O N**
Motion to Transfer Venue, ECF No. 34 - Granted

**Joseph F. Leeson, Jr.**                                                                        **March 19, 2024**
**United States District Judge**

### I.   INTRODUCTION

The above-captioned action involves claims arising from a fatal motor vehicle collision in New Jersey.  Although Plaintiffs initially brought suit in the Eastern District of Pennsylvania, they moved to change venue to New Jersey where the events occurred and where a related action is pending.  For the reasons set forth below, the motion is granted and the above-captioned action is transferred to the United States District Court for the District of New Jersey.

### II.   BACKGROUND

Plaintiffs Diane C. Douglas, mother of the decedent and administrator of his estate, and Lateef J. Dotson, brother of the decedent, are residents of Delaware, as was the decedent prior to his death.  *See* Compl. ¶¶ 10-12, ECF No. 1.  Defendant Brandon R. Loyle is a resident of Pennsylvania.  *Id.* ¶ 15.  Loyle's employer, Defendant Gary W. Gray Trucking, Inc. is a citizen

of both Pennsylvania and New Jersey.  *Id.* ¶¶ 17-19.  Jurisdiction before this Court is based on diversity.  *See id.* ¶ 1; 28 U.S.C. § 1332.

The Complaint alleges as follows: on May 2, 2022, the decedent, during the course of his employment, was driving a truck in Hope Township, New Jersey.  *Id.* ¶ 24.  Loyle was also in New Jersey, driving a dump truck for his employer Gary W. Gray Trucking, Inc.  *Id.* ¶ 33.  Loyle is alleged to have violated several New Jersey traffic laws, including  N.J. Stat. 39:4-88 (Traffic on marked lanes); N.J. Stat. 39:4-97 (Careless driving); and N.J. Stat. 39:4-82 (Keeping to right).  *Id.* ¶¶ 33-34.  These violations occurred[1] when Loyle's vehicle crossed the double-yellow lines and crashed head-on into the truck the decedent was driving.  *Id.* ¶ 33.  The decedent, despite wearing a seatbelt, was ejected from his vehicle and died from blunt force trauma resulting from the collision.  *Id.* ¶¶ 36-40.  A New Jersey police officer, who responded to the scene, used the decedent's phone to contact his brother, Lateef.  *Id.* ¶¶ 42-49.  The Complaint asserts a survival action on behalf of the decedent's estate, as well as individual claims for wrongful death by Diane and Lateef Dotson.  *Id.* ¶¶ 67-79.  There are additional counts for, *inter alia*, vicarious liability, negligent hiring, negligence, and punitive damages.  *Id.* ¶¶ 80-125.

Similar claims were filed in the United States District Court for the District of New Jersey in January 2024, against different defendants: Gary Gray, individually, and Viewpoint Leasing, Inc.  *See Estate of Lateef Dotson, et al. v. Viewpouint Leasing, Inc., et al.*, No. 3:24-cv-00255-ZNQ-DEA (D. N.J. Jan. 17, 2024).  According to the Complaint in that action, Gary Gray is the principal owner of Gary W. Gray Trucking Inc. and Viewpoint Leasing, Inc.  *See id.* at Compl. ¶¶ 10-14, ECF No. 1.  Viewpoint Leasing, Inc., a citizen of New Jersey, allegedly leased

---

[1]     Two months prior to the collision, Loyle was found guilty of other traffic violations, which allegedly should have been known by Gary W. Gray Trucking Inc.  Compl. ¶¶ 31-32.

to Gary W. Gray Trucking, Inc. the dump truck driven by Loyle on the day of the collision. *Id.* ¶ 8. The New Jersey Complaint alleges that the dump truck was poorly maintained and had defective mechanics, contributing to the collision that killed the decedent. *Id.* ¶¶ 25-28.

On March 3, 2024, Plaintiffs filed a Motion for Change of Venue in the above-captioned action, seeking to transfer venue to the United States District Court for the District of New Jersey, where the action could have been brought initially and where the related action is pending. *See* Mot., ECF No. 34. Defendants have opposed the Motion. *See* Resp., ECF No. 37.

### III.   STANDARD OF REVIEW

Section 1404 provides for transfers of venue "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Transfer is in "the discretion of the court." 28 U.S.C. § 1404(b); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (holding that "where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference"). "The burden of establishing the need for transfer ... rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995). The court should consider the following factors:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses--but only to the extent that the witnesses may actually be unavailable for trial in one of the for a"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home"; (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

*In re Amendt*, 169 F. App'x 93, 96 (3d Cir. 2006) (quoting *Id.*). The first six factors relate to private interests, while the remaining six pertain to the public interest. *Jumara*, 55 F.3d at 879.

## IV. ANALYSIS

### A. Private Interest Factors

The first private interest factor is Plaintiffs' choice of forum. A "plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Although Plaintiffs originally chose this district to litigate the New Jersey motor vehicle collision, they chose New Jersey to litigate the related action pending there and now choose New Jersey for the above-captioned case. Accordingly, this Court gives considerable deference to Plaintiffs' request for a New Jersey forum.

Second, "Defendant's preference is entitled to considerably less weight . . . ." *EVCO Tech. & Dev. Co., LLC v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005). It is nevertheless a consideration weighing against transfer.

The third private interest factor, where the claim arose, weighs heavily in favor of transfer because all of the events giving rise to Plaintiffs' claims occurred in New Jersey. *See* 28 U.S.C. § 1391(b)(2) (providing that venue is appropriate in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"); *In re Amkor Tech., Inc. Sec. Litig.*, No. 06-298, 2006 U.S. Dist. LEXIS 93931, at *15 (E.D. Pa. Dec. 28, 2006) ("Typically the most appropriate venue is where a majority of events giving rise to the claim arose."). Loyle drove his employer's dump truck in New Jersey; Loyle allegedly violated New Jersey traffic laws causing a collision in New Jersey that resulted in death of another driver in New Jersey; and New Jersey medical personnel and police responded to the scene. Venue is therefore proper in New Jersey. *See* 28 U.S.C. § 1391(b)(2) (providing that venue is appropriate

in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

Fourth, the convenience of the parties[2] as indicated by their relative physical and financial conditions weighs in favor of transfer. Plaintiffs live in Townsend, Delaware, approximately 62 miles from Philadelphia,[3] Pennsylvania, 95 miles from the Trenton, New Jersey, and 110 miles from Allentown, Pennsylvania. Loyle lives in Bangor, Pennsylvania, which is approximately 30 miles from Allentown, Pennsylvania, 65 miles from the Trenton, New Jersey, and 87 miles from Philadelphia, Pennsylvania. Defendant Gary W. Gray[4] Trucking, Inc. has citizenship in Pennsylvania and in New Jersey. Given these varying numbers, especially when combined with the multiple courthouse locations if the case were to remain in the district, neither venue has any real impact on the convenience of the parties. *See Snyder v. Bertucci's Rest. Corp.*, 2012 U.S. Dist. LEXIS 178533, at *8-9 (E.D. Pa. Dec. 18, 2012) (concluding that neither venue would be particularly inconvenient because the federal courthouses were about equal distance from the parties). Moreover, no party has presented evidence of convenience as indicated by their relative financial conditions. *See Travelers Indem. Co. v. E.F. Corp.*, No. 95-5660, 1996 U.S. Dist. LEXIS 20683, at *20 (E.D. Pa. Mar. 17, 1996) ("Neither side has presented any evidence related to the convenience of the parties as indicated by their relative financial conditions. Even if they had, we fail to see how a change of venue of such a short

---

[2] The "convenience of counsel in a matter is not a relevant factor." *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 876 (3d Cir. 2013) (citing *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3d Cir. 1973)).
[3] The matter is assigned to the Allentown courthouse; however, jury selection will occur at the courthouse in Philadelphia, Pennsylvania.
[4] The owner of Gary W. Gray Trucking Inc. now lives in Florida and will likely fly to the courthouse(s) for trial, which each have local airports. However, because jury selection and trial occur in different cities in Pennsylvania, he will likely be forced to rent a car to travel from the airport/hotel for trial at least one day if the case remains in this district.

distance would be necessarily and unduly burdensome to the parties."). It is nevertheless likely that the corporate defendant would have more resources than the individual plaintiffs. Overall, the fourth factor is neutral. *See Metro. Life Ins. Co. v. Bank One, N.A.*, No. 03-1882, 2012 U.S. Dist. LEXIS 137119, at *19 (D.N.J. Sept. 25, 2012) (finding that neither party had provided evidence "that traveling the short distance between New York and New Jersey would cause undue financial or physical burden for any party" and concluding that party convenience was a neutral factor).

The fifth factor, "[t]he convenience and availability of the witnesses is perhaps the most important factor to be considered when a court considers a change of venue." *Jackson Nat'l Life Ins. Co. v. Lunt*, No. 3:15-CV-717, 2015 U.S. Dist. LEXIS 166415, at *6-7 (M.D. Pa. Dec. 11, 2015) (transferring the case to the district where the key witnesses and pertinent documentary evidence were heavily concentrated). Here, the first responders, including police and medical personnel, are from Hope Township, New Jersey, which is approximately 38 miles from Allentown, Pennsylvania, 68 miles from Trenton, New Jersey, and 83 miles from Philadelphia, Pennsylvania. Morris County, where the decedent's autopsy was conducted is approximately 61 miles from Trenton, New Jersey, 75 miles from Allentown, Pennsylvania, and 90 miles from Philadelphia, Pennsylvania. This mileage is incomplete because there is no information provided as to the personal residences of the first responders. Regardless, once factoring in the farther Philadelphia courthouse location for jury selection, the difference in travel is not that significant. *See Tonnies v. Bigelow*, No. 03-5302, 2003 U.S. Dist. LEXIS 23687, at *7-8 (E.D. Pa. Dec. 4, 2003) (transferring venue to the district where the accident occurred despite the fact that two witnesses might have to travel further because "the difference in travel distance is minimal"). The distance in mileage is not the only consideration; however, as all of these witnesses were

and likely still are employees of the state of New Jersey. Nevertheless, as there is no evidence to suggest that any witnesses will be unavailable or that the parties anticipate difficulties in compelling the attendance of witnesses, the fifth factor is neutral. *See De Lage Landen Fin. Servs. v. Elite Tech. (NY), Inc.*, No. 09-1538, 2009 U.S. Dist. LEXIS 91616, at *15-16 (E.D. Pa. Sept. 30, 2009) (considering the availability of compulsory process and the convenience of witnesses as separate factors, but finding both neutral).

The sixth private interest factor: the location of evidence slightly weighs in favor of transfer because the evidence is all held in New Jersey, but because it could be produced in either court it is generally not a relevant consideration. *See Holder v. Suarez*, No. 3:CV-14-1789, 2015 U.S. Dist. LEXIS 38810, at *9 (M.D. Pa. Mar. 25, 2015) (concluding that "the location of books and records is a relevant consideration only to the extent that they could not be produced in the alternative forum, and neither party suggests that these records could not be produced in either forum").

### B. Public Interest Factors

The judgment would be enforceable in either forum so the first public interest factor weighs neither in favor of transfer, nor against. *See E'Cal Corp. v. Office Max, Inc.*, No. 01-3281, 2001 U.S. Dist. LEXIS 15868, at *13 (E.D. Pa. Sept. 6, 2001) (reasoning that "there is little significant difference in enforcing a judgment in one federal forum than in another" (citing 17 James Wm. Moore et al., Moore's Federal Practice § 111.13(1)(i), (3d ed. 1997))).

As to whether there are any practical considerations that could expedite or simplify trial, such interests weigh in favor of transfer. Given that the cases arise from the same set of underlying facts, a fatal motor vehicle collision in New Jersey, it would be more expeditious and simpler to combine the cases in New Jersey. Defendants assert that they intend to move to

transfer the case pending in New Jersey to this Court. They have had approximately two months to do so, however, and no such motion has been filed with that Court. Moreover, even if one had been filed, there would be no basis to grant such a motion. *See* 28 U.S.C. § 1391.[5] Unlike the instant action, where the Defendants are citizens of both Pennsylvania and New Jersey and clearly submitted to the personal jurisdiction of the New Jersey courts to litigate a motor vehicle collision in New Jersey, no party in the New Jersey action is a resident/citizen of Pennsylvania. This Court would therefore lack personal jurisdiction over the Defendants in that action, which would make transfer to this Court improper. *Accord* 28 U.S.C. § 1404(a) (allowing a court to transfer venue "to any other district or division where it might have been brought"). The difference in Defendants also dictates against the application of the first-filed rule. *See Bankers Tr. Co. v. BETHLEHEM STEEL Corp.*, 636 F.2d 37, 40 (3d Cir. 1980) ("When the claims, parties, or requested relief differ, deference [to the first-filed rule] may not be appropriate."); *Triangle Conduit & Cable Co. v. Nat'l Elec. Prods. Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942) (explaining that under the first-filed rule, the "district court which first obtained jurisdiction of the parties and issues had the power to enjoin the further prosecution of proceedings involving the *same parties* and issues begun thereafter in another United States district court" (emphasis added)). Defendants argue that they prefer to litigate in this district because the cases move along more expeditiously; however, they made no attempt to transfer the case filed in New

---

5    (b) Venue in general. A civil action may be brought in—
      (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
      (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
      (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Jersey, not that one would be successful for the reasons set forth above. Regardless, both cases are less than five months old and court congestion, alone, does not render this factor in favor of transfer.

As to the fourth public interest factor, "[t]here is a local interest in having localized controversies decided at home." *American Dredging Co. v. Miller*, 510 U.S. 443, 448 (1994). *See also* Hoffer v. Infospace.com, Inc., 102 F. Supp. 2d 556, 576 (D.N.J. 2000) (concluding that the state where "a substantial amount, if not all, of the alleged culpable conduct occurred . . . has a stronger public interest in adjudicating this dispute").

The fifth public interest factor also weighs in favor of transfer for at least two reasons. First, "jury duty should not be imposed on the citizens of [a state] when the events giving rise to the claim occurred outside the state." *Koeller v. Pilot Travel Ctrs., LLC*, No. 22-2270 (CCC) (JSA), 2023 U.S. Dist. LEXIS 77942, at *18 (D.N.J. May 4, 2023). Second, "New Jersey has an interest in protecting its citizens from tortious conduct." *Keller-Miller v. Coca-Cola Bottling Co.*, No. 16-03018, 2016 U.S. Dist. LEXIS 139671, at *14 (E.D. Pa. Oct. 7, 2016).

Finally, although Defendants suggest that because Delaware law applies to some aspects of the case making any argument that a New Jersey judge should apply New Jersey law "a wash," both parties are incorrect in suggesting that Delaware law is likely to have any applicability to this case. *See Lafferty v. Gito St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007) (holding that "a federal court must apply the substantive laws of its forum state in diversity action"). Conversely, because Loyle is alleged to have violated New Jersey traffic laws, New Jersey law will necessarily be at issue. The United States District Court for the District of New Jersey is more familiar with New Jersey law; therefore, tipping this factor in favor of transfer.

V.	**CONCLUSION**

After weighing all the factors, this Court grants the Motion to Transfer Venue. The private interest factors show that this wrongful death and survival action, which arises from a fatal motor vehicle collision that occurred in New Jersey, is properly litigated in New Jersey. *See Tranor v. Brown*, 913 F. Supp. 388, 391 (E.D. Pa. 1996) (transferring the action where the plaintiffs were non-district residents with no connection with the forum district, the alleged medical malpractice that formed the basis of the action occurred within the other district, most of the medical records were located there, and the individual defendants and potential witnesses lived or worked in that general area); *Celbusky v. Delaware & H. R. Co.*, 590 F. Supp. 934, 935-36 (E.D. Pa. 1984) (finding that the location of both parties, all fact witnesses, the accident site, the treating physicians, the medical records, and the majority of the expert witnesses were in the other district and granting the motion to transfer). The public interest factors also support a transfer because the United States District Court for the District of New Jersey has a local interest in deciding the matter, while this District has absolutely no connection with the case. See Cable v. Allied Interstate, Inc., No. 12-cv-96-JD, 2012 U.S. Dist. LEXIS 67111, at *14 (E.D. Pa. May 11, 2012) (concluding that the moving party met its burden of demonstrating that transferring this case to the court where the events occurred because, "[i]n short, this case has nothing to do with the Eastern District of Pennsylvania").

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge